66 231
102 511

GIBBONS v. THE CHICAGO, BURLINGTON & QUINCY R'Y Co.

1. **Railroads**: INJURY TO BRAKEMAN: CONTRIBUTORY NEGLIGENCE. A brakeman who, for the purpose of turning a switch, deliberately goes down on the pilot of an engine, and steps on the track while the engine is moving at the rate of from four to eight miles an hour, is guilty of negligence, and cannot recover for an injury caused by his falling on the track and being run over by the engine, unless his peril is observed by the engineer in time to avoid the injury.

*Appeal from Wapello Circuit Court.*

TUESDAY, JUNE 2.

THIS is an action for a personal injury. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*Stiles & Beaman*, for appellant.

*J. J. Smith* and *Williams, Jacques & Adler*, for appellee.

ROTHROCK, J.—At the time the plaintiff received the injury of which he complains, he was between twenty and twenty-one years of age, and had been in the employ of the defendant, as brakeman, for some twelve or fifteen days. He had no previous experience as a brakeman. He received his injury, as he testified upon the trial, by falling upon the railway track, while running in front of a moving engine and train to turn a switch to side-track the train. He claims that he undertook to perform this duty by getting upon the engine, going along the running-board, and down on the pilot, or cow-catcher, and stepping from the front of it on the track, and running ahead of the engine on the track towards the switch. He testified that he alighted upon the track in safety, and, as he ran in front of the engine, he fell, and was unable to get outside of the rails in time to avoid injury. He further claims that after he stepped upon the track he

made such speed in running that when he fell he was about fifteen feet in advance of the engine.

The defendant, at the close of the evidence upon the part of plaintiff, made a motion that the jury be directed to return a verdict for the defendant. The motion was overruled. We think it should have been promptly sustained, upon the ground that, by the plaintiff's own testimony, he not only failed to show that he was free from contributory negligence, but plainly established the fact that the injury was received by reason of his reckless disregard for his own safety. It ought not to require argument or debate to demonstrate that a person who will deliberately go down on the pilot of an engine, and step upon the track when the engine is moving at the rate of from four to eight miles an hour, as was shown in this case, cannot recover for an injury received by going upon the track in that way, unless his peril is observed by the engineer in time to avoid the injury. There is no evidence that he was seen by the engineer, or that he knew plaintiff was on the track, until after the injury was received. And there was no evidence in the case tending to show that a descent of this kind from the pilot to the track was the way in which brakemen usually perform the service then required of the plaintiff.

The plaintiff claims, however, that he was directed by the rear brakeman to get down from the pilot and run ahead of the engine. We do not propose to go into a discussion of the question whether or not, under the peculiar facts of this case, the rear brakeman had any authority over the plaintiff. The plaintiff does not testify that he was directed to get off the front of the pilot. The most ordinary observation of men, not even engaged in railway service, and without even the experience of plaintiff, teaches them that the plaintiff could have alighted from the side of the pilot on the ground outside of the rails, where he would have been free from immediate danger.

We will not discuss the alleged negligence of the defendant. It is enough to say that, upon the case as made by the

plaintiff, no jury would be warranted. in finding a verdict for him.

REVERSED.